UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-739-H

APPRISS INC.                                                                                    PLAINTIFF

V.

INFORMATION STRATEGIES, INC.                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this patent infringement suit in the Western District of Kentucky. Defendant Information Strategies, Inc. ("InfoStrat") has moved to dismiss based on lack of personal jurisdiction, improper venue, and that the complaint fails to state a claim upon which relief can be granted. This case presents an interesting question of personal jurisdiction in a patent case where the alleged infringer's only connection to the forum state is access to a website by residents of the forum state. The parties have fully briefed the issue of personal jurisdiction. For the reasons that follow, the Court has concluded that InfoStrat's connection to the forum state is too far removed to create personal jurisdiction.

I.

Plaintiff is Kentucky Corporation who owns all right, title and interest in U.S. Patent No. 5,861,810, "System and Method for Providing Crime Victims Updated Information and Emergency Alert Services" (the "810 patent"). InfoStrat is a Delaware corporation with its principal place of business in Washington, D.C. Both parties are in the business of providing software based products and services. InfoStrat provides a Statewide Automated Victim Information and Notification System ("SAVIN360") to the State of Indiana. It is the sale of this product that Plaintiff alleges infringes its "810" product and provides the basis of this Court's

specific personal jurisdiction over InfoStrat.[1]

The Indiana SAVIN360 ("ISAVIN") "notifies users, including crime victims, of actual or possible changes in [ ] the offender status of persons currently or previously incarcerated in Indiana jails and prisons." Stipulation Concerning Personal Jurisdiction ¶ 1. InfoStrat has "a written contract with the State of Indiana Department of Correction to, under the direction of the Department, design, develop, build and maintain the ISAVIN program." *Id.* at ¶2. The State of Indiana actually owns and hosts the website for the ISAVIN program, which allows individuals to register as users to obtain notices and search information.[2] *Id.* at ¶3. "Throughout the pendency of this action, the website and the associated data have been maintained on servers located in Indiana," and have never used servers in Kentucky. *Id.* There is no charge to register or use the ISAVIN program and anyone in the world is allowed to register. *Id.* at ¶5. Those who register must provide contact information as well as a password and a security question. *Id.* at ¶7. Users also elect the means by which he or she wishes to receive notifications. *Id.*

Neither the ISAVIN homepage nor any page the ISAVIN homepage links to directly mentions any state besides Indiana. *Id.* at ¶¶8-9. As of March 23, 2011, there were 37,212 registered users in 46 states, the District of Columbia, Canada, and Mexico; 224 of those registered users have a Kentucky address and 21,045 have no registered address. *Id.* at ¶¶ 11-12. Of those users without a registered address, there are 205 registered telephone numbers with Kentucky area codes, though one user may register more than one phone number. *Id.* at ¶13.

---

[1]The parties only argue whether this Court has specific personal jurisdiction. Therefore, the Court will not consider its general personal jurisdiction over InfoStrat, which appears quite unlikely.

[2]Plaintiff alleges that InfoStrat hosted the ISAVIN web interface for three months, and InfoStrat objects to the introduction this evidence through a new exhibit. Even if this information was considered, the Court concludes personal jurisdiction would still be lacking.

The ISAVIN program has notified at least some of those users with Kentucky addresses or phone numbers. *Id.* at ¶14. By registering with the ISAVIN program, a continuing obligation of notification is established with users, including those in Kentucky.

## II.

Without benefit of a hearing, Plaintiff "must make only a *prima facie* showing that the district court had personal jurisdiction over appellees . . ." *Touchcom, Inc. v. Bereskin & Parr,* 574 F.3d 1403, 1410 (Fed. Cir. 2009). "In evaluating whether [Plaintiff] has met its burden, we accept the uncontroverted allegations in [Plaintiff's] complaint as true and resolve any factual conflicts in [Plaintiff's] favor." *Id.*

Personal jurisdiction in patent infringement cases is governed by the law of the Federal Circuit. *Nuance Commc'ns, Inc. v. Abbyy Software House,* 626 F.3d 1222, 1230 (Fed. Cir. 2010) (stating that "[t]he law of the Federal Circuit, rather than that of the regional circuit in which the case arose, applies to determine whether the district court properly declined to exercise personal jurisdiction over an out-of-state accused infringer."). "The district court's exercise of jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and the requirements of due process." *Radio Sys. Corp. v. Accession, Inc.,* 638 F.3d 785, 788-89 (Fed. Cir. 2011). Because the assertion of personal jurisdiction over InfoStrat violates due process, the Court will proceed directly to that analysis.[3]

## III.

"The constitutional touchstone for determining whether an exercise of personal

---

[3]The parties argue that the Kentucky long-arm statute is co-extensive with the limits of due-process, and therefore do not address the Kentucky long-arm statute in their analyses. However, the Kentucky Supreme Court has recently stated that the long-arm statute does not allow for personal jurisdiction to the extent of due process. *Caesars Riverboat Casino, LLC v. Beach,* 336 S.W.3d 51, 57 (Ky. 2011).

jurisdiction comports with due process 'remains whether the defendant purposefully established minimum contacts in the forum state.'" *Nuance Commc'ns, Inc.,* 626 F.3d at 1230-31 (citations omitted). "In order to satisfy due process requirements for establishing specific jurisdiction over a defendant, the plaintiff must show that the defendant purposely directed its activities at residents of the forum and that the plaintiff's claim arises from or relates to those activities. In addition, the plaintiff must satisfy the court that the assertion of personal jurisdiction under the circumstances is reasonable and fair." *Radio Sys.Corp.,* 638 F.3d at 789.

"Contacts with the forum that are 'random', 'fortuitous,' or 'attenuated,' or that result from the 'unilateral activity of another party or third person' are not sufficient to establish personal jurisdiction." *Touchcom, Inc.,* 574 F.3d at 1412 (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985)). Also, "[a] passive website is insufficient to establish purposeful availment for the purpose of due process." *Marynard v. Philadelphia Cervical Collar Co., Inc.,* 18 F. App'x 814, 816 (Fed. Cir. 2001). Here, InfoStrat provided the technology to the State of Indiana for use in connection with a state-operated website. Consequently, it does not appear that InfoStrat has purposely directed its activities at residents of Kentucky.

True, a website in conjunction with "additional acts to purposefully avail themselves of the forum state, such as advertising, conducting business transactions with residents of the forum state, and soliciting funds from residents in the forum state" may be sufficient to establish personal jurisdiction over a defendant. *Id.* (internal citations omitted). Moreover, the Sixth Circuit has said that "[a] defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883,

4

890 (6th Cir. 2002) (citations omitted).[4] Passwords and information specific to the forum state or offering to provide services to customers in any state favors the exercise of jurisdiction when seen in conjunction with other interactions, mainly commercial transactions with customers in the forum state. Id. at 890-91 (citations omitted). Knowledge that a product may be used in the forum state is likely insufficient grounds to support the exercise of personal jurisdiction, especially if a third party sold or provided the product to consumers in the forum state. *Bridgeport Music, Inc. v. Still N the Water Publ'g,* 327 F.3d 472 (6th Cir. 2003).

The specific facts of this case, however, distinguish it from those where jurisdiction exists. The ISAVIN website or web interface is owned and hosted by the State of Indiana Department of Corrections, not InfoStrat. While InfoStrat did contract to design, develop, build and maintain the ISAVIN program, it does so under the direction of the Department of Corrections. Maintenance of one's own website in a foreign jurisdiction alone is insufficient for jurisdiction elsewhere. *Neogen Corp.,* 282 F.3d at 890. Maintenance of another's website further attenuates the argument for the exercise of personal jurisdiction. Furthermore, although the ISAVIN website is interactive, Plaintiff has pointed to nothing on the ISAVIN website that is specifically directed at residents of Kentucky or has information specific to Kentucky, let alone any commercial transaction with a Kentucky resident.

Although InfoStrat may have predicted its product would be used by Kentucky residents, any such use was the "result from the 'unilateral activity of another party or third person,'" mainly the State of Indiana Department of Corrections or the registered users in Kentucky.

---

[4] While not binding in this case, the Sixth Circuit's guidance on websites and personal jurisdiction is consistent with the law of the Federal Circuit. Specifically, "[t]he maintenance of [defendant's] website, in and of itself, does not constitute the purposeful availment of the privilege of acting in [forum state] ." *Neogen Corp.,* 282 F.3d at 890.

*Touchcom, Inc.,* 574 F.3d at 1412 (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985)). And though Kentucky residents who are registered users of the ISAVIN program may rely on the program to protect personal safety and security, that reliance is in the context of a direct relationship with the State of Indiana Department of Corrections.

Every jurisdictional case in this tangled area of internet services and communication stands on its own facts. To some it may seem odd that jurisdiction is absent in a state adjacent to the principal activity. However, whatever activity occurring in Kentucky is secondary and incidental to the actual alleged infringement. In sum, the Court can find no activity of InfoStrat that was purposely directed at Kentucky residents; "it is not enough that the defendant might have predicted that its goods will reach the forum state." *J. McIntyre Mach., Ltd. v. Nicastro,* 131 S.Ct. 2780, 2788 (2011).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that InfoStrat's motion to dismiss is SUSTAINED and this case is DISMISSED WITHOUT PREJUDICE due to the absence of personal jurisdiction.

cc: Counsel of Record